UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMUEL QUINTANILLA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 14-cv-5098-JPH<br><br>ORDER ON SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 14, 16. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the parties' briefs, the court **grants** plaintiff's motion for summary judgment, **ECF No. 14**.

**JURISDICTION**

Quintanilla (Plaintiff) protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) on April 25, 2011. He alleged disability beginning November 1, 2008, but at the hearing, he amended onset to January 1, 2012 (Tr. 33, 169-75, 178-84 ). Benefits were denied initially and on

ORDER - 1

reconsideration (Tr. 106-09, 113-23). ALJ Lori J. Freund held a hearing January 14, 2013. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 30-65). The ALJ issued an unfavorable decision March 22, 2013 (Tr. 12-22). On July 23, 2014, the Appeals Council denied review (Tr. 1-5). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review September 22, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Plaintiff was 39 years old at the amended onset date and 40 at the hearing. He earned a GED in 1997 and last worked in 2008 or 2009 as a cashier/stocker in a grocery store. From November 2008 through April 2009 he was incarcerated. Plaintiff testified he became unable to work due to right lower back pain, and an inability to concentrate due to pain, medication and sleepiness. [He has also stated he lost his job when he became incarcerated. Tr. 18, 209.] Pain interferes with sleep. He needs to lay down during the day, and can only walk a block or two and cannot carry anything heavier than a gallon of milk. He experiences left arm tingling and numbness. He feels depressed. Plaintiff testified substance abuse has been in remission for two years. He lives with his mother (Tr. 35-43, 46-49, 52-

53, 56, 199, 202, 294).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.2d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

## STANDARD OF REVIEW

Congress provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in

evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Freund found Plaintiff was insured through December 31, 2013 (Tr. 12, 14). At step one, she found he did not work at SGA levels after onset (Tr. 14, 191). At steps two and three, she found Plaintiff suffers from low back and neck pain, impairments that are severe but do not meet or medically equal the severity of a listed impairment (Tr. 14, 16 ). She found Plaintiff less than fully credible (Tr. 17- 19). The ALJ opined he could physically perform a range of sedentary work (Tr. 16 ). At step four the ALJ found Plaintiff is unable to perform past relevant work (Tr. 20). At step five, the ALJ relied on a vocational expert and found Plaintiff can perform other work such as production inspector and checker, and

ORDER - 7

packaging and filling machine operator (Tr. 21). Accordingly, the ALJ found Plaintiff has not been disabled from onset through the date of the decision (Tr. 22).

**ISSUES**

Plaintiff alleges the ALJ erred when she (1) analyzed the evidence of mental limitations, including evidence of DAA; (2) rejected the opinions of providers Martinez and Shelton and (3) failed to meet her burden at step five. ECF No. 14 at 8-9, 9-11, 12-14, 14-15. The Commissioner responds that the ALJ's reasoning is free from harmful legal error and supported by the evidence. She asks the Court to affirm. ECF No. 16 at 3.

**DISCUSSION**

**A. Step two and DAA**

At step two the ALJ did not find any severe mental impairments (Tr. 14). She states:

"I give little weight to the opinion of Dr. Moon or any other opinions regarding the claimant's limitations contained in the psychological evaluations prior to the time the claimant stopped using substances as his limitations at that time were influenced by his continued use of alcohol and drugs (Ex. 1F and 5F)." Tr. 15.

Plaintiff is correct that this is erroneous. *See Bustamante v. Massanri*, 262 F.3d 949, 954-55 (9th Cir. 2001). At step two the ALJ is required to consider all of

ORDER - 8

a claimant's mental and physical limitations. It is only if, after that process the ALJ finds a claimant disabled, that the analysis proceeds to determine if DAA materially contributes to the disability finding. The Commissioner alleges that the record shows Plaintiff only had psychological symptoms when he was using substances. ECF No. 16 at 7. This does not address the ALJ's finding that mental impairments were not severe at step two because there was evidence of DAA at that time.

The Court considers whether the error is harmful. An error is harmless when the correction of that error would not alter the result. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995). Here, the Court is unable to determine whether the ALJ would have found Plaintiff is disabled when DAA is included and excluded and whether DAA would be found material. For example, in 2009 (well before onset) Plaintiff was assessed with marked and moderate mental impairments (Tr. 282-83). In 2010, marked and moderate mental limitations were again assessed, and DAA is noted, by a different psychologist (Tr. 296-97). At the same time, Plaintiff's treatment provider notes no history of DAA (Tr. 302).

Accordingly, the error at step two is harmful and the matter must be remanded.

**B. Medical opinions and step five**

On remand the ALJ is directed to consider the opinions of the treating and

ORDER - 9

examining sources, assess credibility and Plaintiff's RFC and proceed with the sequential evaluation.

The Court wishes to make clear that it expresses no opinion as to what the ultimate outcome on remand will or should be. "[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and contains harmful legal error.

**IT IS ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 16**, is **granted.** The case is reversed and remanded for further administrative proceedings.

2. Defendant's motion for summary judgment, ECF No. 19, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff, and **CLOSE** the file.

DATED this 14th day of May, 2015.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 10